[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
August 18, 2000 Judge Blue granted a Motion to Strike the Entire Original Complaint in the above-captioned matter.
Practice Book § 10-40 ordinarily gives a party whose complaint is stricken fifteen days to plead over and when, as here, the entire complaint is stricken the section provides that if no new pleading is filed within the fifteen day period the defendant may make a motion for judgment.
On January 20, 2001 the plaintiff had not pled over following the granting of the Motion to Strike His Entire Complaint by Judge Blue on August 18, 2000. On January 20, 2001 the defendant moved for judgment pursuant to Practice Book § 10-44.
On February 13, 2001 the defendant's Motion for Judgment was granted by Judge Blue with the notation "granted unless an amended complaint is filed by March 1, 2001." In effect, Judge Blue gave the plaintiff a second fifteen day period within which to re-plead.
The plaintiff filed an amended complaint which bears the typed date February 27, but further bears a date stamp from the Clerk's Office of March 7, 2001.
On April 17, 2001 the defendant objected to the amended complaint filed on March 7, 2001 in its entirety. In the objection, the defendant stated: CT Page 4930
 "The basis for this objection is that the revised complaint is untimely and seeks to add new causes of action without permission from the court."
It appears to this court that Judge Blue's order of February 13 was self-executing as of March 1, 2001. As a result of Judge Blue's order, judgment in favor of the defendant was entered on March 1, 2001. This court has no reason to address the issue of whether new causes of action have been pled. Neither does this court have any reason to address the question of the propriety, or indeed the timeliness, of a motion to open the March 1 judgment.
The court does hold that since the case was disposed by the judgment of Judge Blue effective July 1, 2001 no motion to revise the complaint is appropriately before the court unless and until that judgment is opened. The objection to the revised complaint is sustained.
By the Court,
 ___________________ Kevin E. Booth Judge of the Superior Court